UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TROY E. BOWERS,

      Plaintiff,

v.                                                                                    Case No. 1:16:CV;1082

MEGAN J. BRENNAN, Postmaster                              HON. GORDON J. QUIST
General of the United States,

      Defendant.
_____/

## OPINION

      This case stems from the termination of Plaintiff's employment with the United States Postal Service. Plaintiff is a United States Army veteran who was rated as disabled by the United States Department of Veteran Affairs after his honorable discharge in 1997. Plaintiff was hired by the Postal Service in 2002 and worked as a supervisor at the Muskegon Post office until his termination in 2015. The United States Postal Service, Office of Inspector General conducted an investigation into Plaintiff's misuse of his work computer, ultimately concluding that Plaintiff frequently visited eBay and Gmail websites, and used employee access to track shipments of items he sold on eBay.

      The Postal Service issued Plaintiff a Notice of Removal in February 2014, informing Plaintiff that the Postal Service intended to terminate his employment because of his misuse of his computer. In March 2014, the Service issued a Letter of Decision, terminating Plaintiff effective April 5, 2014. This Letter was rescinded, but the February Notice of Removal remained in effect until the Service issued a second Letter of Decision in October 2014. Plaintiff appealed the decision to the Merit System Protection Board. An ALJ held hearings on Plaintiff's appeals, affirming the Service's removal based on misuse of his computer and finding that the removal was not based on

intentional discrimination. Plaintiff appealed the ALJ's decision to the full MSPB. The Board affirmed the ALJ's finding that Plaintiff was properly terminated for misusing his computer and not because of discrimination.

Plaintiff filed a pro se complaint, "claiming discrimination based on disabling condition." (ECF No. 1 at PageID.3.) Plaintiff then moved for default judgment. (ECF No. 12.) Defendant moved to dismiss for failure to state a claim and for lack of subject matter jurisdiction. (ECF No. 9.)

### *Motion for Default Judgment*

Plaintiff moved for a default judgment on the basis that Defendant failed to timely respond to the complaint. (ECF No. 12.) Plaintiff's summons was served on the U.S. Attorney's Office on October 24, 2016, meaning that Defendant had 60 days from October 25 to respond. (ECF No. 6.) As per Rule 6, the deadline would normally be December 23, 2016, but the Clerk's office was closed on December 23 and December 26, in observance of Christmas. "[I]f the clerk's office is inaccessible…on the last day for filing under Rule 6(a)(1), then the time for filing is extended to the first accessible day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(3)(A). The first accessible day after December 23 was December 27, the day on which Defendant filed her motion to dismiss. (ECF No. 9.)

Defendant's response to the summons was timely. Plaintiff's motion for default will be denied.

### *Motion to Dismiss*

Defendant argues that Plaintiff's disability discrimination claim should be dismissed because the complaint fails to sufficiently plead that he was disabled for the purposes of the ADA. A prima facie disability discrimination claim under the Rehabilitation Act requires that the plaintiff establish

2

> (1) he or she is disabled;
> (2) he or she is otherwise qualified for the position, with or without reasonable accommodation;
> (3) he or she suffered an adverse employment decision;
> (4) the employer knew or had reason to know of the plaintiff's disability, and
> (5) the position remained open while the employer sought other applicants or the disabled individual was replaced.

*Ferrari v. Ford Motor Co.*, 826 F.3d 885, 891–92 (6th Cir. 2016) (citing *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1186 (6th Cir. 1996)). "An individual is considered 'disabled' under the ADA if she (1) 'has a physical or mental impairment that substantially limits one or more of the major life activities of such individual,' (2) 'has a record of such impairment,' or (3) is regarded by her employer as having such an impairment*.*" *Gruener v. Ohio Cas. Ins. Co.*, 510 F.3d 661, 664 (6th Cir.2008) (quoting *Sullivan v. River Valley Sch. Dist.*, 197 F.3d 804, 810 (6th Cir.1999)).

The compliant simply states that "Plaintiff is a disabled veteran" and "Plaintiff is claiming discrimination based on disabling condition." (ECF No. 1 at PageID.1-3.) Defendant argues that this falls well short of the plausibility requirement of Rule 12(b)(6) under *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007). Plaintiff's response brief is no more illuminating, simply reiterating that "Plaintiff is a disabled veteran and has preference rights that other non[-]disabled veterans do not have." (ECF No. 16 at PageID.157.)

Defendant has the better argument. Plaintiff does not allege facts to support his contention that he is disabled; he does not even specify *what* impairment he has, much less how that impairment substantially limits a major life activity. Moreover, courts consistently find that an ADA plaintiff's designation as "disabled" by the Veterans Administration is insufficient to support a finding that the plaintiff is "regarded as" being disabled by their employer, even when the employer knows of the VA's designation. *See, e.g., Phillips v. Mabus*, No. CIV. 12-00384 LEK, 2013 WL 4662960, at *10

3

(D. Haw. Aug. 29, 2013), *aff'd*, 607 F. App'x 762 (9th Cir. 2015); *Slocum v. Potter*, No. CIV.A. 3:08-3714-CMC, 2010 WL 2756953, at *4-5 (D.S.C. June 8, 2010); *Wilborn v. Ashcroft*, 222 F.Supp.2d 1192, 1208–09 (S.D. Cal. 2002).

To the extent that Plaintiff is making a claim under the USERRA, he is appealing a final order by the MSPB.  USERRA claims against the federal government must be presented to MSPB, and a claimant has the right to appeal to Federal Circuit, rather than a district court.  *See Heckman v. Jewell*, 540 F. App'x 800 (9th Cir. 2013) (citing 38 U.S.C. § 4324); see also *Elgin v. Dep't of Treasury*, 567 U.S. 1, 132 S. Ct. 2126, 2131 (2012) ("The Federal Circuit has 'exclusive jurisdiction' over appeals from a final decision of the MSPB.")

## *Conclusion*

For the foregoing reasons, the Court will deny Plaintiff's motion for default judgment and grant Defendant's motion to dismiss.

A separate order will enter.


Dated:  February 17, 2017                              /s/ Gordon J. Quist
                                                                                 GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE